

**YOUNG BASILE HANLON & MACFARLANE, P.C.**
**KAYVON POURMIRZAIE (BAR NO. 276018)**
pourmirzaie@youngbasile.com
228 Hamilton Ave., Suite 300
Palo Alto, CA  94301
Telephone:  (415) 450-6686
Facsimile: (248) 649-3338

Attorneys for Plaintiff Simon Pouliot, as
Assignee of Twins Special Co. Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON POULIOT, AS ASSIGNEE OF TWINS SPECIAL CO. LTD. AN INDIVIDUAL, <br><br> Plaintiff, <br><br> vs. <br><br> NICHOLAS MECHLING, AN INDIVIDUAL, AND CHRISTOPHER MECHLING, AN INDIVIDUAL <br><br> Defendants. | Case No.:  **'21 CV0221 DMS LL** <br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff Simon Pouliot, as assignee of Twins Special Co. Ltd. ("Pouliot" or "Plaintiff"), for its Complaint against Nicholas and Christopher Mechling (the "Mechling Brothers" or "Defendants"), states as follows:

### PARTIES

1.    Plaintiff is a Canadian citizen domiciled in the Province of Quebec.

---

Complaint for Damages and Jury Trial
Case No.

2. The Mechling Brothers are California citizens because they are individuals domiciled in, and a citizen of the State of California.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. 1332(a)(1), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are completely diverse – Plaintiff is a Canadian citizen and the Mechling Brothers are California citizens.

4. Venue of this action in this Court is proper under 28 U.S.C. 1391(a)(1).

## PROCEDURAL BACKGROUND OF RELATED LITIGATION

5. Twins Special Co. Ltd. is a public limited company organized under the laws of Thailand, based in Thailand ("Twins Thailand")

6. Twins Special LLC ("Twins Special") is a limited liability company organized under the laws of California located in Rancho Santa Fe, California. The Mechling Brothers wholly own and control Twin Special and are the former distributors of Twins Thailand's products.

7. Twins Special is presently involved in Chapter 11 bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of California, Case No. 3:20-bk-01230 (the "Bankruptcy Matter"). Pursuant to applicable bankruptcy law, there is an automatic stay (the "Automatic Stay") for lawsuits directly against Twins Special.

8. This claim arises out of a transaction in 2013 related to an earlier transaction in 2010 and presents an alternative theory for relief against the Mechling Brothers in their individual capacity (as opposed to their capacity as owners of the debtor in possession) and does not seek relief against the debtor in possession or property that is a part of the bankruptcy estate. This matter is thus not subject to the Automatic Stay. With respect to the Bankruptcy Matter, Plaintiff and Twins Thailand intend to challenge the 2010 and 2013 transactions and seek their rescission in the Bankruptcy Matter as an alternative theory for relief.

Complaint for Damages and Jury Trial
Case No.

## FACTUAL ALLEGATIONS

9.      Twins Thailand is in the business of manufacturing and selling boxing gloves, boxing gear, and martial arts equipment.   Its business is in the fields of both traditional Western boxing and "Muay Thai," also known as "Thai Boxing," which is a form of martial arts that can be traced to the 16th Century Kingdom of Siam.  Twins Thailand manufactures its products in Thailand.

10.      Twins Thailand began manufacturing boxing and martial arts gear in the 1980s and under the TWINS SPECIAL mark in 1992.  Twins Thailand also has used the distinctive marks KING and KING PROFESSIONAL to designate certain of its boxing gear.  Athletes and the trade in the martial arts field quickly recognized the high quality of the workmanship behind the products, and Twins Thailand's boxing gear quickly gained prominence through word-of-mouth recommendations in Asia and elsewhere, including the United States.

11.      Twins Thailand has sold millions of dollars worth of its TWINS SPECIAL and KING boxing gloves and equipment and has received significant publicity around the world, including the United States. As a result, the TWINS SPECIAL and KING trademarks have become famous marks in the boxing and martial arts fields.

12.      On June 22, 2010, Twins Thailand and the Mechling Brothers signed a letter printed on the stationary of Twins Thailand entitled, "Letter of Understanding" ("Letter"). The Letter states a trademark holding company named Twins Special LLC would be established, with 50% ownership in Plaintiff Twins Thailand, 10% ownership in the owner of Twins Thailand, Paveenvat Wongprsertklarn, and 40% ownership in the Mechling Brothers.  The Letter of Understanding set forth the goal of addressing the theft of Twins Thailand's names and marks and counterfeiting and unauthorized sales activity that had developed and was ongoing, through the registration of Twins Thailand's trademarks in the United States, Europe, and elsewhere.  According to the Letter, the Mechling Brothers would manage the new Twins Special LLC and attempt to secure worldwide trademark protection over Twins Thailand's brands. Ex. A.

13.    The Letter recognized the formation of the new Twins Special LLC was not intended to transfer control of the business or assets to the new company.  The Letter states the company had the "separate function" to secure trademark ownership and "not to replace Twins Thailand."   It also provides that the Mechling Brothers' 40% interest should eventually revert to Twins Thailand: "Offer to return any interest taken by NCM in the U.S. Company over time with an established and equitable process."   The Mechling Brothers further included the representation that "Once the control and distribution documents have been established our role is diminished it (sic) becomes another company ultimately controlled by" Twins Thailand and  the benefits to Twins Thailand included "Control of a U.S. entity that has been developed to safeguard and license the international trademarks."

14.    On the same day, Twins Thailand, Paveenvat Wongprsertklarn, and the Mechling Brothers signed an additional, separate letter on Twins Thailand stationary addressed to "To Whom It May Concern" (the "To Whom It May Concern Letter") expressing their intent to form the new trademark holding company.  In addition to restating the 60% ownership in Twins Thailand, the letter restated the role of the company to hold the Twins Thailand's marks and enforce them against infringers and referenced the role of Nicholas Mechling as CEO. Ex. B.

15.    The To Whom It May Concern Letter also states Twins Thailand assigns "all trademarks relating to Twins Special and King Professional" to "Twins Special LLC." There was no other specification of the trademarks that were purportedly assigned.  The named assignee also did not exist at the time.

16.    Two months later, on August 23, 2010, the Mechling Brothers proceeded to form Twins Special LLC.

17.    Plaintiff is informed and believes that contrary to the provisions of both the June 22 Letter of Understanding and the To Whom It May Concern Letter, and without the knowledge of Twins Thailand, the Mechling Brothers established 100% ownership of the Twins Special LLC in their names, and none in the name of Plaintiffs.

18.     On February 5, 2013, the Mechling Brothers offered to purchase Twins Thailand's and Paveenvat Wongprsertklarn's interest in Twins Special LLC for a $500,000 payment to Twins Thailand, despite the fact that Twins Thailand and Paveenvat Wongprsertklarn owned no interest in the company.  The money would be paid within five months or at most within four years. The parties signed a one-page document whereby Twins Thailand transferred "all shares" and interest in Twins Special LLC for that amount, with an "enforceable security interest" in a commercial building owned by Defendants. Ex. C (the "2013 Document").

19.     The Mechling Brothers proceeded to pay nothing to the Twins Thailand.  In 2017, the Mechling Brothers sold the real estate acting as security for the purchase price, without the knowledge or consent of Twins Thailand.  In February of that year, the Mechling Brothers were formally in default of the obligation to pay the $500,000 for the interest in Twins Special LLC.

20.     The Mechling Brothers failed to make the $500,000 payment to Twins Thailand by February 5, 2017.

21.     In 2019, Twins Special LLC filed for Chapter 11 bankruptcy.

22.     Bankruptcy proceedings are ongoing.

23.     On February 4, 2021, Twins Thailand assigned its right to the $500,000 payment to Plaintiff, Simon Pouliot, precipitating the instant action. Ex. D.

**COUNT I – Breach of Contract**

24.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1-23 of the Complaint.

25.     As set forth above, and if the 2013 document constitutes an enforceable agreement, the Mechling Brothers owed contractual obligations to Twins Thailand pursuant to the 2013 document.

26.     The Mechling Brothers breached the 2013 document, *inter alia*, failing to make the $500,000 payment to Twins Thailand.

27.     As assignee, Plaintiff Simon Pouliot is entitled to enforce the 2013 document.

28.    Twins Thailand fully performed under the 2013 document, and all conditions precedent to the maintenance of this action have been satisfied.

29.    As a direct and proximate result of the Mechling Brothers' breach of the 2013 document, Plaintiff has suffered damages including, without limitation, $500,000.

## COUNT II – Rescission of 2013 Document:
## Lack Of Consideration/Failure of Consideration

30.    Plaintiffs re-allege paragraphs 1-29 set forth above.

31.    Twins Thailand received no consideration for the promise to transfer their interest in Twins Special LLC to Defendants, as there was no payment of any of the $500,000 specified in the agreement.

32.    If the 2013 Document contained cognizable agreements between the parties, rescission and extinguishing of the agreements *ab initio* is mandated for Defendants' complete failure to provide any consideration.

33.    As a direct and proximate result of the Mechling Brothers' actions, Plaintiff has suffered damages including, without limitation, Twin's Thailand's interest in Twins Special LLC. This Court should rescind the 2013 Document and restore ownership of Twins Special LLC to Plaintiff.

## COUNT III – Unjust Enrichment

34.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1-33 of the Complaint.

35.    As set forth above the Mechling Brothers received the benefit of Twins Thailand's and Paveenvat Wongprsertklarn's interest in Twins Special LLC without providing consideration.

36.    It would be unjust for the Mechling Brothers to continue to receive the benefit of Twins Thailand's and Paveenvat Wongprsertklarn's interest in Twins Special LLC.

37.    As a direct and proximate result of the Mechling Brothers' unjust enrichment, Plaintiff has suffered damages including, without limitation, Twin's Thailand's interest in Twins Special LLC or $500,000.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in its favor and against Defendants in an amount to be proved at trial plus interest at the legal rate, attorneys' fees, costs of suit, restoration of ownership of Twins Special LLC and all other relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,

DATED: February 4, 2021          Young Basile Hanlon & MacFarlane, P.C.


By:  _/s/ Kayvon Pourmirzaie_
Kayvon Pourmirzaie
Attorneys for Plaintiff SIMON POULIOT AS
ASSIGNEE OF TWINS SPECIAL CO. LTD.