UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON POULIOT, as Assignee of TWINS SPECIAL CO. LTD., an Individual,<br><br>                                  Plaintiff,<br><br>v.<br><br>NICHOLAS MECHLING, an Individual, and CHRISTOPHER MECHLING, an Individual,<br><br>                                  Defendants. | Case No.:  3:21-cv-221-DMS-LL<br><br>**ORDER GRANTING MOTION TO INTERVENE AND DECLINING TO ISSUE STAY OF PROCEEDINGS** |

The Court now considers (1) whether to allow Twins Special Co. Ltd. ("Twins Special") to intervene in this action pursuant to Federal Rule of Civil Procedure 24 and (2) whether to stay the proceedings in the instant case pending the resolution of an independent action currently before the Superior Court of California, County of San Diego. For the reasons discussed below, the Court hereby grants Twins Special's motion to intervene and declines to stay the proceedings.

**I.**

**BACKGROUND**

On February 4, 2021, Plaintiff Simon Pouliot ("Pouliot"), acting in his capacity as an assignee of Twins Special, filed a complaint against Defendants Nicholas Mechling and

1

1  Christopher Mechling (the "Mechlings"). (ECF No. 1.) Pouliot's complaint alleges breach
2  of contract, lack of consideration, and unjust enrichment against the Mechlings. (*Id.*) The
3  complaint also alleges that "[o]n February 4, 2021, [Twins Special] assigned its right to the
4  $500,000 payment to Plaintiff, Simon Pouliot, precipitating the instant action." (*Id.* ¶ 23.)
5  On May 27, 2021, Pouliot's counsel moved to withdraw from the matter. (ECF No. 7.)
6  On June 1, 2021, the Court granted that motion and ordered Plaintiff Pouliot to obtain
7  substitute counsel within thirty days. (ECF No. 7–8.)

On July 9, 2021, Twins Special filed a Motion to Substitute Plaintiff. (ECF No 13.) Twins Special argues that because Plaintiff Pouliot invalidated the assignment of the right to bring this case, the Court should allow it to be substituted as the plaintiff in this action under Fed. R. Civ. P. 25(c), or alternatively, intervene under Fed. R. Civ. P. 24. (*Id.*) Plaintiff Pouliot counters that because the assignment at issue is valid and irrevocable, Twins Special lacks an interest in the case sufficient to confer the right of intervention. (ECF No. 21.) On July 15, 2021, Twins Special filed suit against Pouliot in the Superior Court of the State of California, County of San Diego, seeking a judicial declaration that the assignment is both invalid and rescinded, and a finding that Pouliot breached the implied covenant of good faith and fair dealing. (*See* ECF No. 26-1, Ex A.) On August 6, 2021, Twins Special amended the state court complaint, seeking recission of the assignment at issue, and adding the following counts: breach of the implied duty to perform with reasonable care, recission for unilateral mistake of fact, recission for mutual mistake of fact, breach of fiduciary duty, and fraud. (*See* ECF No. 22-2 at 7–22.)

On September 17, 2021 the Court issued an order to show cause ("OSC") regarding why a stay should not be issued in this case pending the resolution of the state court action. (ECF No. 25.) Plaintiff Pouliot filed a response to the Court's OSC on October 1, 2021. (ECF No. 26.) Intervenor Plaintiff Twins Special filed a response on October 15, 2021, (ECF No. 29), as did the Mechlings. (ECF No. 30.)

/ / /

/ / /

## II.

## LEGAL STANDARDS

### A. Intervention

Twins Special moves to intervene in this case pursuant to Federal Rule of Civil Procedure 24(a). The rule provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). For a court to grant such a motion, the following criteria must be met:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021) (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Courts must accept as true all non-conclusory allegations made in support of a motion to intervene. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001). Furthermore, the Ninth Circuit construes "Rule 24(a) liberally in favor of potential intervenors." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). However, "[t]he applicant bears the burden of showing that each of the four elements is met." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

### B. Stay of Proceedings

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing

interests and maintain an even balance." *Id.* at 254–55 (citations omitted). These interests include (1) "the possible damage which may result from granting a stay," (2) "the hardship a party may suffer if the case is allowed to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "Courts have the power to stay proceedings sua sponte." *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 11282678 at *1 (S.D. Cal. Feb. 16, 2018) (citations omitted). Further, a district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Generally, stays should not be indefinite in nature. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007).

### III.
### DISCUSSION

Twins Special's motion to substitute has been withdrawn.[1] As such, the only motion currently before the Court is Twins Special's motion to intervene pursuant to Fed. R. Civ.

---

[1] A movant may withdraw a pending motion by notifying the Court and opposing counsel that it no longer intends to proceed with that motion. *See* CivLR 7.1(g)(1) ("Any movant who does not intend to proceed with a motion or other request for ruling by the Court must notify opposing counsel and the judge before whom the matter is pending as soon as possible."). While Twins Special did not file a formal notice of withdrawal, it notified the Court and Pouliot of its intent to withdraw its motion to substitute on September 3, 2021. (ECF No. 22 at 3:20–22 ("Twins Special defers its request to be substituted as plaintiff, without prejudice to its reassertion when appropriate."); *see also* ECF No. 29 at 4:3–5 ("But as the record clearly shows, the Rule 25 portion of Twins' motion was withdrawn. . . .").)

P. 24.  The Court will first address this motion before turning to the question of whether to stay the proceeding.

### A. Intervention

Twins Special moves to intervene of right under Rule 24(a)(2).  Pouliot argues Twins Special cannot intervene because (1) the motion failed to meet the procedural requirements of Rule 24(c), and (2) Twins Special has no interest in the subject of the action that would permit intervention.  (ECF No. 21 at 5–8.)

*1. Procedural Requirements for Intervention under Fed. R. Civ. P. 42(c)*

Under Rule 24(c), a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out a claim or defense for which relief is sought." Pouliot argues Twins Special's motion fails because it failed to include any such pleading with its motion to intervene.  (ECF No. 21 at 6.)  Twins Special counters that because its motion indicated that its claims are coextensive with the claims in the existing complaint, it should be able to intervene without filing a separate complaint.  (ECF No. 22 at 4 n.1 (quoting ECF No. 13 at 6 n.2 ("Twins Special would take over the existing complaint against the Mechlings without change, and if appropriate, state any additional claims, promptly upon being allowed to intervene.")).)

The Court is satisfied that Twins Special's reference to the original complaint is sufficient under Rule 24(c).  The Ninth Circuit has adopted a generally flexible approach to Rule 24(c), allowing intervention where "the movant describes the basis for intervention with sufficient specificity to allow the district court to rule" without submitting a separate pleading.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474–75 (9th Cir. 1992) (listing cases in which courts have allowed intervention despite a "technical objection" that a movant failed to submit a pleading with the motion); *cf.* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1914 (3d ed. 2021) ("If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is

/ / /

5

identical in its allegations with one that is already in the file."). Accordingly, the Court will proceed to the substantive requirements of Rule 24(a)(2).

### 2. *Substantive Requirements for Intervention under Fed. R. Civ. P. 42(a)(2)*

Pouliot opposes intervention on the basis that Twins Special lacks an interest in the dispute before the Court that would entitle it to intervention. (ECF No. 21 at 6–8.) He did not directly contest the remaining factors, instead arguing that Twins Special cannot meet the other requirements because it lacks a protectable interest in the action. The Court will address the four requirements for intervention of right in turn.

**First**, a motion to intervene must be timely. *Cooper*, 13 F.4th at 864. Courts consider three factors to evaluate whether a motion to intervene was timely brought: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). The parties do not dispute that Twins Special's motion is timely. Indeed, the case is in an early stage of litigation. No dispositive motion been filed. Further, the Court cannot identify any prejudice to the parties that would result from the timing of the filing. Twins Special filed the instant motion on July 9, 2021—within two weeks of Defendants' filing of the answer on June 29, 2021, and Pouliot's failure to comply with the Court's June 1, 2021 order that he obtain new counsel within 30 days. (*See* ECF Nos. 8–9, 13.) The Court therefore finds Twins Special's motion timely filed.

**Second**, an applicant for intervention of right "must claim a significantly protectable interest relating to the property or transaction which is the subject of the action." *Cooper*, 13 F.4th at 864 (internal quotation omitted). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "[T]he interest test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with

efficiency and due process." *United Sates v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (internal quotation and citation omitted); *see also United Sates v. Perry C'ty Bd. Of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) ("There is no clear-cut test to determine the nature of the interest required for intervention of right. Our inquiry is a flexible one, which focuses on the particular facts and circumstances surrounding each application.") (internal quotation omitted).

Here, Twins Special claims that it possesses the same interest Poiliot asserts.[2] (ECF No. 13 at 5.) The Ninth Circuit has stated "[c]ontract rights are traditionally protectable interests" sufficient to allow intervention of right. *Berg*, 268 F.3d at 820 (citations omitted). Pouliot counters that Twins Special "no longer has any interest in those claims because it irrevocably assigned its claims to Mr. Pouliot." (ECF No 21 at 7.) Twins Special challenges the validity of the assignment underlying Pouliot's asserted interest.

While neither party provided the Court with any factually analogous cases on which to base a decision, the Court identified one case in this Circuit where a district court permitted the intervention of a party on the basis of its allegations regarding the validity of an assignment. In *Tonkin v. CTX Mortg. Co., LLC*, a company moved to intervene in a case as a defendant on the basis that it was the real party in interest to the action because the existing defendant assigned its interest in the property underlying the dispute to the intervenor. No. 3:11–cv–270–RCJ–VPC, 2012 WL 1739705, at *3 (D. Nev. May 11, 2012). The district court granted the intervention, stating:

> "Although [the intervenor] does not have a valid assignment of the deed of trust and did not have the authority to execute a substitution of trustee, [the intervenor] does have an interest in the property because it is under the belief that its assignment and substitution were valid. Because [the intervenor]

---

[2] Twins Special also asserts it has other interests in the proceeding because "it originated the trademarks and products in issue; it owns trademarks for those products at least in Thailand; it manufactures and sells those products to this day; and its witnesses and documents will be required for the progress of this lawsuit, as the claims and defenses directly place that evidence in issue." (ECF No. 22 at 5.)

7

claims to be the current holder of the beneficial interest of the deed of trust, [the intervenor] should be a party to this action.

*Id.* The Court finds this reasoning persuasive. Rule 24(a) requires the Court to permit the intervention of any party who "*claims* an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2) (emphasis added). In *Tonkin*, the court granted intervention where the intervenor claimed that an assignment of a property interest gave it the right to stand as a party to the action even despite the court's assessment the purported assignment was invalid. Here, Twins Special is a party to the transaction at issue in Pouliot's complaint, (*see* ECF No. 1), and claims the assignment to Pouiot is invalid.[3] Although the Court is not presently well-situated to assess the validity of the assignment in question, it finds that Twins Special claims a significantly protectable interest in the transaction that is the subject of this action.[4]

**Third**, for the Court to grant a motion to intervene of right, the "applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest." *Cooper*, 13 F.4th at 864. Here, because Pouliot and Twins Special share identical claims regarding identical issues and facts, the Court is satisfied that allowing the case to proceed without the participation of Twins Special could impede or impair its ability to protect the company's interest in the case.

**Fourth**, to intervene of right under Rule 24(a)(2), "the applicant's interest must be inadequately represented by the parties to the action." *Cooper*, 13 F.4th at 864. Courts consider three factors when determining the adequacy of representation: (1) "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments;" (2) "whether the present party is capable and willing to make such arguments;"

---

[3] Twins Special also attached a copy of a state court complaint challenging the validity of the assignment. (*See* ECF No. 22-2 at 7–21.)

[4] While the Court is not well situated to determine validity of the assignment on a motion to intervene, that is not to say the dispute cannot be resolved in this litigation if raised in a crossclaim pursuant to Fed. R. Civ. P. 13(g).

and (3) "whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). "The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that that representation of their interest 'may be' inadequate." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

Here, Twins Special argues that it's "interests encompass (but are not limited to) the claims asserted by Pouliot." (ECF No. 13 at 5.) "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086 (citing *League of Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). In such cases, "a compelling showing should be required to demonstrate inadequate representation." *Arakaki*, 324 F.3d at 1086 (citing 7C Wright, Miller, & Kane, *supra*, § 1909). Twins Special furnished the Court with email correspondence from Pouliot dated June 17, 2021, in which Pouliot stated the following:

> Following [my prior counsel's] withdrawal from the case at my request the judge has ordered that a new attorney of record be appointed by the end of the month. I'm not sure whether that's of interest to you or not. I do not plan to appoint a new attorney for this, my assumption is the complaint will then be dismissed when the deadline expires but I have no idea.

(ECF No. 22-3; Declaration of Sanjay Bhandari, Ex. B.) This email clearly evinces Pouliot's unwillingness to prosecute this action. Courts have long recognized that "inadequacy of representation is or may be shown . . . by the failure of the representative in the fulfillment of his duty." *Stadin v. Union Elec. Co.*, 309 F.2d 912, 191 (8th Cir. 1962) (Blackmun, J.). Here, Pouliot demonstrated his unwillingness to represent the Plaintiff's interest in this case in both words and conduct. This unwillingness was confirmed when Pouliot failed to comply with the Court's June 1, 2021 order requiring him to secure

///
///

substitute counsel in this matter within 30 days.[5]  (*See* ECF No. 8.)  The Court therefore finds that Twins Special has made a compelling showing that Pouliot may be an inadequate representative for the interests claimed by both parties.  Having found all four requirements met, the Court hereby grants Twins Special's motion to intervene.

### B. Stay of Proceedings

As the Court noted in its OSC, Plaintiff Pouliot and Intervenor Twins Special dispute whether Twins Special validly assigned its right to bring this action to Pouliot.  An action to determine the validity of the contested assignment is currently before the Superior Court of California.  The Court ordered the parties to brief the question of whether a stay of the present case would be appropriate pending the resolution of that state court action.  (ECF No. 25.)  Pouliot opposes such a stay.  (ECF No. 26.)  Both Twins Special and the Mechlings support the imposition of a stay.  (ECF Nos. 29–30.)

Plaintiff Pouliot argues the Court should not stay this case because "(1) the State Court does not have personal jurisdiction over him; (2) the Motion to Substitute Plaintiff is ripe for decision; and (3) staying this case would reward litigants seeking to delay federal court cases."  (ECF No. 26 at 1.)  First, the Court would not presume to usurp the Superior Court's role in determining whether it has personal jurisdiction over Mr. Pouliot.  Second, Twins Special's motion to substitute has been withdrawn. *See supra* n.1.  Therefore, Pouliot's arguments regarding whether that withdrawn motion to substitute meets the requirements of Fed. R. Civ. P. 25 are moot.  The motion to intervene, by contrast, requires no further developments for the Court to rule.  *See supra* Section III.A. As such, there is no need to stay this case where Twins Special can represent its claimed interests as an intervenor.  Third, as Pouliot notes, a stay of this proceeding pending the resolution of the state court action could last years.  This is important because "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."

---

[5] After the Court permitted the withdrawal of Plaintiff's counsel, no attorney appeared on Pouliot's behalf until August 4, 2021.  (*See* ECF Nos. 17–18.)

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  Granting a stay here would amount to an indefinite stay, which is generally prohibited.

Twins Special counters that the relevant factors weigh in favor of a stay.  Twins Special argues it would be harmed by the case going forward because its "interests will not be adequately represented by Mr. Pouliot" without its involvement in this case.  This concern is remedied by Twins Special's intervention in the case.  And while allowing the state court to resolve the parties' dispute regarding the validity of the assignment would simplify the issues in this case,[6] this factor alone does not overcome the strong showing required to justify an indefinite stay.  *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it.").

Finally, the Mechlings argue that a stay should be granted because without determining the validity of the assignment regarding the claims at issue in this case, they "could potentially be forced to defend themselves in two separate lawsuits concerning the same exact claims and allegations by two different plaintiffs, and potentially be subjected to two different judgments for the same claim."  (ECF No. 30 at 2.)  Twins Special's intervention resolves these concerns.  The Court therefore declines to stay this case.

/ / /

---

[6] Twins Special also argues the Court should consider the factors outlined in *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).  (ECF No. 29 at 5–6.)  However, *Nakash* outlines the factors courts use in determining whether to invoke abstention pursuant to the principles established in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, (1976).  *See Nakash*, 882 F.2d at 1415–17.  *Colorado River* abstention occurs where a federal court declines to exercise its jurisdiction in deference to a pending, parallel state proceeding in order to promote judicial efficiency and avoid duplicative litigation. *Colorado River*, 424 U.S. at 817.  While the parties did not brief the applicability of this doctrine to this case, the doctrine only allows a federal court to stay a case before it pending the resolution of a state action where the state court judgment will "resolve all of the issues before the federal court."  *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).  That is not the case here.

## IV.

## CONCLUSION AND ORDER

For these reasons, the Court declines to stay the proceedings and orders that Twins Special's motion to intervene is granted.

**IT IS SO ORDERED**.

Dated:  November 4, 2021

_____
Hon. Dana M. Sabraw
United States Chief District Judge

12

3:21-cv-221-DMS-LL