UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON POULIOT; and TWINS SPECIAL CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS MECHLING; and CHRISTOPHER MECHLING, <br><br> Defendants. | Case No.: 21-CV-221-JO-WVG <br><br> **ORDER DENYING JOINT MOTION TO MODIFY COURT'S SCHEDULING ORDER AND EXTEND FACT AND EXPERT DISCOVERY DEADLINES** |

On June 10, 2022, the Parties filed a Joint Motion to Modify the Court's Scheduling Order and Extend Fact and Expert Discovery Deadlines ("Joint Motion"). (Doc. No. 64.) The Joint Motion requested the Court extend the fact and expert discovery deadlines by 90 days due to Defendants Nicholas Mechling and Christopher Mechling's (collectively, "Defendants") Motion for Leave to File Amended Answer and Counterclaims ("Motion for Leave") pending before Honorable Jinsook Ohta. (Doc. No. 48.) For the reasons set forth below, the Joint Motion is DENIED without prejudice.

As provided in the Court's Scheduling Order, the dates and times set forth in the Scheduling Order will not be modified except for good cause shown. In determining whether to modify a scheduling order the Court considers the "good cause" standard set

out by Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

The Court finds good cause does not exist to extend the fact and expert discovery deadlines as the Parties have not demonstrated any reason why they are unable to complete discovery related to the Complaint currently at issue in this case. The Parties' request to extend fact and expert discovery is predicated on an assumption that the Parties will not have sufficient time to conduct discovery related to Defendants' cross-complaint once Defendants' Motion for Leave is granted. The Court does not find this persuasive as the justification to extend deadlines would be moot if Defendants' Motion for Leave is denied.

The pending Motion for Leave does not preclude the Parties from diligently conducting discovery related to the current live claims in the operative Complaint. In fact, the Joint Motion itself states: "Accordingly, the parties have been diligent in their efforts to conduct discovery while Defendant's Motion for Leave to Amend is pending." (Doc. No. 64, at 4:12-13.) Intervenor Plaintiff Twins Special Co., LTD propounded discovery onto Defendants on January 12, 2022 and received written responses on February 18, 2022. Defendants provided document productions on April 12, 2022 and May 13, 2022, and supplemental written responses on May 6, 2022. The Parties have also raised discovery

disputes with this Court on March 17, 2022, April 18, 2022, and May 25, 2022. Despite the pending Motion for Leave, the Parties appear to have proceeded on with discovery.

The Court does not find good cause exists to extend the current fact and expert discovery deadlines. The Parties may renew their request to continue fact and expert deadlines if Honorable Judge Ohta grants or has not ruled on Defendants' Motion for Leave on or before the fact discovery deadline of July 11, 2022.

The Court reaffirms the deadlines and due dates in its Scheduling Order, and the Parties should proceed expeditiously in conducting any remaining discovery. The Joint Motion is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 10, 2022

Hon. William V. Gallo
United States Magistrate Judge