UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON POULIOT; and TWINS SPECIAL CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS MECHLING; and CHRISTOPHER MECHLING, <br><br> Defendants. | Case No.: 21-CV-221-JO-WVG <br><br> **ORDER FOLLOWING DISCOVERY CONFERENCE** |

## I.   INTRODUCTION

Pending before the Court is a discovery dispute involving Intervenor Plaintiff Twins Special Co., LTD's ("Plaintiff") discovery propounded to Defendants Nicholas Mechling and Christopher Mechling's (collectively, "Defendants"). Plaintiff's Requests for Production ("RFPs") seek documents related to ownership, communications, financial records, and business records from Defendants in their individual capacity and as members and managers of Twin Specials, LLC and Avalanche Company, LLC, two business entities who have not been named in this suit. Plaintiff presents four questions for the Court to resolve: (1) whether the defined term "YOU" used in Plaintiff's RFPs are overly broad and should be limited to Defendants in their individual capacities only; (2) whether to strike

the objections asserted by Defendants in their responses or supplemental responses, or compel Defendants to provide supplemental responses to RFPs where Defendant has declined to do so; (3) whether the Court should order supplemental responses to request numbers 4, 5, 16-19, 26, 32-36, and 39-40; and (4) whether the Court should order a date by which Defendants will produce documents responsive to the RFPs at issue.

On June 10, 2022, Court convened a Video Discovery Conference and ordered simultaneous briefing due on June 17, 2022. (Doc. 66 and 67.) The Parties timely filed their submissions. The Court convened another Video Discovery Conference on June 22, 2022 affording the Parties the opportunity to engage in oral argument. (Doc. 68.) During the June 22, 2022 Discovery Conference, the Court pointedly questioned Plaintiff's counsel about whether the RFPs at issue directly related to any of the allegations pled in Plaintiff's Complaint. Plaintiff conceded that the RFPs related to Defendant's pending counterclaims and affirmative defenses and not Plaintiff's Complaint. Defendants argued the objections they asserted in discovery responses were appropriate given the requests seeking documents from Defendants beyond their individual capacities go beyond the scope of the Complaint.

The Court has thoroughly reviewed the Parties' briefing; reviewed the RFPs, responses, and supplemental responses at issue; reviewed the docket and current pleadings at issue; and convened two conferences with the Parties. In doing so, the Court discerns questions (2), (3), and (4) hinge upon the threshold issue presented in question (1). For the reasons stated below, the Court DENIES Plaintiff's threshold request (1) to find that the defined term of "YOU" should not be limited Defendants in their individual capacities only. Accordingly, Plaintiff's requests (2), (3), and (4) are DENIED and Defendants are not required to supplement responses and produce documents responsive to RFPs 5, 16, 17, 18, 19, 26, 32, 34, 35, 36, 39 and 40.[1]

---

[1] Defendants have agreed to produce documents responsive to RFP No. 4, 8, 17, 24, 31, 33, 41, and 42, thus these RFPs are no longer at issue.

## II. DISCUSSION

Under Rule 26(b), the scope of discovery is broad and entitles the parties to obtain discovery as to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *Morgan Hill Concerned Parents Association v. California Department of Education*, 2017 WL 445722, at *3 (E.D. Cal. Feb. 2, 2017) (citing same). When the discoverability of information becomes the subject of dispute, the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). See *Bryant v. Ochoa*, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. 2009).

Once relevance is established, the opposing party must demonstrate the discovery should be prohibited by substantiating its objections. *Morgan Hill Concerned Parents Association,* supra, 2017 WL 445722, at *4 (citing *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015)). Most significantly, consistent with Rule 26, a court may limit discovery for any one of three reasons: (1) "the discovery sought is unreasonably cumulative or duplicative;" (2) it is "obtainable from some other source that is more convenient, less burdensome, or less expensive;" or (3) "the burden or expense of the proposed discovery outweighs the likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i)—(iii); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. Feb. 20, 2015) (citing *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir.2004)).

### a. Present Posture of Pleadings Renders Requests Not Relevant

The present posture of the pleadings in this action is pertinent to the Court's analysis of whether an order compelling Defendants to supplement responses and produce documents responsive to Plaintiff's Request for Production Nos. 5, 16, 17, 18, 19, 26, 32, 34, 35, 36, 39 and 40 is appropriate. On December 31, 2021, Defendants filed a Motion for Leave to File Amended Answer and Counterclaims ("Motion for Leave") (Doc. 48). To date, the Motion for Leave is still pending before Honorable Jinsook Ohta and Defendants' numerous counterclaims are not presently at issue for this case. Thus, Plaintiff's Complaint

alleging breach of contract claims filed on February 4, 2021 (Doc. 1) and Defendant's Answer filed on June 29, 2021 (Doc. 9) set forth the scope of all discovery related to this action.

Plaintiff's arguments that the discovery it seeks is relevant and proportional are premised upon the assumption that Defendants' Motion for Leave will be granted and that Defendants' counterclaims and allegations of experiencing damages are currently at issue. Given Plaintiff's briefing stating the requests at issue are directly relevant to Defendant's claimed defenses and proposed counterclaims (Plaintiff's Brief at 1:7-10) and Plaintiff's subsequent concession at the June 22, 2022 Discovery Conference, stating the RFPs do not relate to Plaintiff's Complaint, the Court finds the RFPs are unripe for a request to compel as the counterclaims are not at issue.

The Court finds Plaintiff's RFPs in this dispute are overly broad and irrelevant in proportion to the causes of action presently pled and at issue.

### b. Deficiencies Exist in Both Parties' Discovery

Furthermore, the Court finds deficiencies exist in both Plaintiff's RFPs, subsequently tailored RFPs, Defendants' responses, and Defendants' supplemental responses. Plaintiff's original RFP, defining the term "YOU" to include "defendants Christopher Mechling and Nicholas Mechling; the entities Twins Special, LLC and Avalanche Company, LLC; and all agents, representatives, or any other person authorized to act on those entities' behalf" is clearly overbroad. Plaintiff's attempt to narrow the defined term "YOU" still fails to resolve the deficiency as the proposed narrowed definition continues to seek documents from Defendants beyond their individual capacities and also seeks documents from Defendants in their capacities as members, representatives, or officers of Twins Special, LLC and/or Avalanche. The narrowed definition remains overly broad, and neither narrowly tailored nor proportional to the breach of contract allegations asserted by Plaintiff in the Complaint.

On the other hand, Defendant's responses and supplemental responses were deficient and boilerplate, running afoul of the Court's Civil Chambers Rule Appendix A

and B, Section (B)(1). For example, Defendants' responses to RFPs 5, 34, 35 and 36 are identical boilerplate objections that do not provide details as to why Plaintiff's requests are overbroad, unduly burdensome, oppression, may call for information that contain confidential information, or invades any privacy rights. Similarly, Defendants' responses to RFPs 16, 17, 18, 19, 26, 32, 39, and 40 are equally boilerplate and woefully inadequate responses to discovery as they contain the same identical block of objections as those included in RFPs 4, 5, 34, 35, and 36 with a slight addition of objections to defined terms used in the RFP. Defendants' supplemental responses to RFPs 4, 16, 17, 18, 19, 26, and 32 do not resolve the deficiencies as the supplemental responses contain the identical block of boilerplate objections with a new caveat added to indicate whether responsive documents would or would not be produced.

Notwithstanding the deficiencies in Plaintiff's RFPs and Defendants' responses, the Court stands on its analysis of the current posture of the pleadings and finds the RFPs are overly broad and Plaintiff's attempt to narrow the definition of "YOU" continues to seek documents and information beyond the bounds of the contractual dispute Plaintiff's Complaint has alleged.

### III.  CONCLUSION

The Court finds the discovery propounded by Plaintiff seeks irrelevant information that has no bearing on Plaintiff's breach of contract claims asserted in Plaintiff's Complaint nor any of Defendants' affirmative defenses. The Court DENIES Plaintiff's requests to: (1) find that the defined term of "YOU" should not be limited Defendants in their individual capacities only. Plaintiff's requests (2), (3), and (4) are also DENIED.

IT IS SO ORDERED.

Dated: June 23, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge